IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 4:24-CV-02929 |
| ROHIRAS, INC. and | ) | |
| SATNAM CENTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff, ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7.     Defendant, ROHIRAS, INC. (hereinafter "ROHIRAS, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.     Defendant, ROHIRAS, INC., may be properly served with process for service via its registered agent, to wit:    c/o Madhav Rohira, Registered Agent, 6034 Bellaire Blvd., Houston, TX  77081.

9.     Defendant, SATNAM CENTER, INC. (hereinafter "SATNAM CENTER, INC"), is a Texas company that transacts business in the State of Texas and within this judicial district.

10.    Defendant, SATNAM CENTER, INC, may be properly served with process for service via its Registered Agent, to wit: c/o c/o Madhav Rohira, Registered Agent, 6034 Bellaire Blvd., Houston, TX  77081.

## FACTUAL ALLEGATIONS

11.     On or about June 15, 2024, Plaintiff was a customer at "Cricket" a business located at 6060 Bellaire Blvd., Houston, TX  77081 referenced herein as "Cricket".   Attached is a receipt documenting Plaintiff's purchase.   *See* Exhibit 1.   Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

12.     Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., are the owners or co-owners of the real property and improvements that Cricket is situated upon and that is the subject of this action, referenced herein as the "Property."

13.     Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., as owners of the Property are responsible for complying with the ADA for both the exterior portions and interior portions of the Property.   Even if there is an agreement between Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's independent requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.   *See* 28 CFR § 36.201(b).

14.     Plaintiff's access to the business(es) located 6060 Bellaire Blvd., Houston, TX 77081, Harris County Property Appraiser's identification numbers: 0370620030103 and 0370620030107 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property,

including those set forth in this Complaint.

15.     Defendant ROHIRAS, INC. is the owner and operator of the parcel identified by the Harris County Property Appraiser as 0370620030103.

16.     Defendant SATNAM CENTER, INC., is the owner and operator of the parcel identified by the Harris County Property Appraiser as 0370620030107.

17.     Although the Property is comprised of two parcels, the Property should be considered as one "site" for purposes of the ADA and this lawsuit because, 1) The Property shares a common parking lot, 2) The buildings on the Property are touching and share a common design aesthetic, 3) there are no open or notorious markings on the Property which would lead a reasonable person to believe the Property is separated, 4) both parcels which comprise the Property are marketed as one shopping plaza by a large street-sign containing advertisements for businesses in units throughout both parcels.

18.     Plaintiff only lives 3 miles from the Property.

19.     Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

20.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends to revisit the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer to Cricket, to be a new customer at Renew Health Clinic at the Property, to determine if and when the Property is made accessible and for Advocacy Purposes.

21.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend

to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

22.     Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

23.     Although Plaintiff did not personally encounter each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit.  As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

24.     Plaintiff's inability to fully access the Property and the stores within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an inquiry in fact.

## <u>COUNT I</u>
## <u>VIOLATIONS OF THE ADA AND ADAAG</u>

25.  On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

26.  Congress found, among other things, that:

(i)  some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)  discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

27.  Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

28.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

29.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

30.    The Property is a public accommodation and service establishment.

31.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

32.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

33.    The Property must be, but is not, in compliance with the ADA and ADAAG.

34.    Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.     Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36.     Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

37.     Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

38.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and

equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

 i. In front of Thunder Auto Sound, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

 ii. In front of Thunder Auto Sound, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

 iii. In front of Thunder Auto Sound, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because steep slopes on ramp side flares could cause the wheelchair to tip over and injure Plaintiff.

 iv. In front of Thunder Auto Sound, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG

9

standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

v. There are multiple buildings on the site, which are each public accommodations and are directly adjacent to each other (touching), yet there lacks a single accessible route connecting the buildings, this is a violation of Section 206.2.2 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to access the public features on the site.

vi. Due to the barrier to access identified in (v) above, the Property lacks an access route from the public sidewalk to the accessible entrances for the parcel owned by Defendant ROHIRAS, INC  in violation of Section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access units of the Property owned by Defendant ROHIRAS, INC if he were to utilize public transportation to travel to the Property.

vii. In front of Unit 6060A, the bottom edge of the sign identifying the accessible parking space is at a height below 60 inches from the floor in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

viii. In front of Unit 6060A, the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as Plaintiff's wheelchair may roll down the slope while entering or exiting the vehicle.

ix.   In front of Unit 6060A, there is a vertical rise in excess of ¼ inch along the accessible route leading from the accessible ramp, in violation of Section 303.2 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property as vertical rise in excess of ¼ inch may cause Plaintiff's wheelchair to snag on the vertical rise and tip over.

x.   At Unit 6060A, there is a doorway threshold with a vertical rise in excess of approximately an inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the interior of the Property at this location as the vertical rise at the door threshold could potentially cause Plaintiff to tip over when attempting to enter.  Moreover, this barrier to access is made more difficult by the fact that it is in the doorway and Plaintiff would be required to hold the door open with one hand while attempting to the "push" the wheel of the wheelchair over the vertical rise.

xi.   In front of Unit 6060A, the maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access this unit of the Property since it is often necessary for individuals in wheelchairs to need to use their hands to both wheel through the doorway and keep the door open with another hand.  When the maneuvering clearance is not level, this

11

ordinarily difficult process is made even more difficult by the presence of an excessive vertical rise.

xii.  At Unit 6060C, there is a doorway threshold with a vertical rise in excess of approximately an inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the interior of the Property at this location as the vertical rise at the door threshold could potentially cause Plaintiff to tip over when attempting to enter.  Moreover, this barrier to access is made more difficult by the fact that it is in the doorway and Plaintiff would be required to hold the door open with one hand while attempting to the "push" the wheel of the wheelchair over the vertical rise.

xiii.  In front of Unit 6060C, the maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access this unit of the Property since it is often necessary for individuals in wheelchairs to need to use their hands to both wheel through the doorway and keep the door open with another hand.  When the maneuvering clearance is not level, this ordinarily difficult process is made even more difficult by the presence of an excessive vertical rise.

xiv.  Not all entrance doors and doorways comply with Section 404 of the 2010 ADAAG standards, this is a violation of Section 206.4 of the 2010 ADAAG

standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

xv. The Property lacks a van accessible disabled parking space in violation of Section 208.2.4 of the 2010 ADAAG standards and the disabled parking space does not have the required "van accessible designation in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate a van accessible parking space.

xvi. The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are over 100 parking spaces on both parcels which comprise "the Property", which requires a minimum of five (5) accessible parking spaces, but there are only two accessible parking spaces (one on each parcel). This barrier to access would make it difficult for Plaintiff to locate an available accessible parking space as such a small number of accessible parking spaces in a large parking lot increases the likelihood of there not being an available accessible parking space.

xvii. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

39.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

40.    Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

41.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

42.      All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA.

43.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

44.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., have the financial resources to make the necessary modifications.  According to the Property Appraiser, the collective Appraised value of the Property is $2,679,213.00.

45.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

46.     Upon information and good faith belief, the Property has been altered since 2010.

47.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

48.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

49.     Defendant, ROHIRAS, INC. shall be required to remove the barriers to access on the parcel it owns and operates and Defendant SATNAM CENTER, Inc. shall be responsible for removing the barriers to access on the parcel it owns and operates.

50.     Plaintiff's requested relief serves the public interest.

51.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, ROHIRAS, INC. and SATNAM CENTER, INC.

52.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

53.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendants, ROHIRAS, INC. and SATNAM CENTER, INC., to (i) remove the physical barriers to access and (ii)

alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 6, 2024

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com